UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIO BELLU ET UX | * | CIVIL ACTION |
| VERSUS | * | NO: 06-0608 |
| DIAMOND OFFSHORE (USA), INC., ET AL | * | SECTION: "D"(5) |

**O R D E R**

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Mario Bull et ux, and set for hearing on Wednesday, April 12, 2006. Defendant, Murphy Exploration & Production Company (Murphy), filed an opposition.

Defendant Murphy has also filed a **"Motion to Reset Hearings"** in which Murphy asks the court to either (1) continue the hearing on Plaintiffs' Motion to Remand from April 12, 2006 to April 26, 2006, and/or (2) expedite the hearings on **"Motions to Dismiss"** filed by Defendants, Diamond Offshore Limited (DOL) and Odeco Drilling (UK) Limited (ODUKL),[1] and which are set for hearing on Wednesday, April 26, 2006.

In their Motions to Dismiss, Defendants DOL and ODUKL seek dismissal based on lack of personal jurisdiction and insufficiency

---

[1] Defendants Murphy, DOL and ODUKL are all represented by the same counsel.

of service of process.  Plaintiffs filed an opposition to Murphy's **"Motion to Reset Hearings."**

Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that this matter should be and is hereby **STAYED**, pending decision by the MDL-875 Panel to transfer this matter to MDL.[2]  The court finds that such a stay is appropriate since Plaintiffs' Motion to Remand and DOL's and ODUKL's Motions to Dismiss raise questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.  If the matter is ultimately transferred to MDL-875, the motions can be heard there.  If the matter is not transferred, the motions can be re-noticed for hearing before this court.

New Orleans, Louisiana, this **10th day of April, 2006.**

                                                        A.J. McNAMARA
                                    UNITED STATES DISTRICT JUDGE

---

[2]  The MDL Panel issued a Conditional Transfer Order (CTO-259) in this matter, but Plaintiffs filed *with* the MDL Panel, a Notice of Opposition to the CTO and also a Motion to Vacate that CTO.  In that Motion to Vacate, Plaintiffs not only ask the MDL Panel to vacate the CTO, but they also ask the MDL Panel to remand the matter to state court.

While this court's jurisdiction continues until any transfer ruling becomes effective, the court declines to rule on the motions presently before it pending a final ruling by the MDL Panel.